IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DWAYNE HENRI ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-136 |
| | ) | (Formerly CR 112-041) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Estill, South Carolina, after receiving permission from the Eleventh Circuit Court of Appeals, has filed with this Court a second motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.   BACKGROUND**

   **A.   Indictment and Agreement to Plead Guilty**

On February 8, 2012, the grand jury in the Southern District of Georgia charged Petitioner in an eight-count indictment with one count of unlicensed dealing in firearms, four counts of possession of firearms by a convicted felon, and three counts of possession of stolen firearms. United States v. Anderson, CR 112-041, doc. no. 3 (S.D. Ga. Feb. 8, 2012) (hereinafter "CR 112-041"). The felon in possession of firearms counts, Two through Five,

brought pursuant to 18 U.S.C. § 922(g)(1), also included the possibility of an armed career criminal enhancement under 18 U.S.C. § 924(e). Id. at 2 and doc. no. 4. The Court later determined Petitioner qualified for this enhancement, which carried a statutory minimum of fifteen years imprisonment. The Court appointed attorney Brooks Hudson under the Criminal Justice Act to represent Petitioner. Id., doc. no. 15.

On May 3, 2012, Petitioner pled guilty to Count Four, possession of firearms by a felon, and the government agreed to dismiss the seven other counts. Id., doc. nos. 21-23. In exchange for the guilty plea, the government agreed to (1) dismiss the remaining counts; (2) not oppose a two-point acceptance of responsibility reduction and consider filing a motion for an additional one-point reduction under U.S.S.G. § 3E1.1(b); and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or a reduction of Petitioner's sentence under Fed. R. Crim. P. 35. Id., doc. no. 22, pp. 2-3.

For his part, Petitioner admitted the factual basis for his guilty plea, including having been previously convicted of at least five crimes punishable by imprisonment for a term exceeding one year. Id. at 7. These crimes included burglary, entering an automobile, attempted burglary, theft by taking, and theft by receiving stolen property. Id. at 7-8. As part of the plea agreement, Petitioner also agreed to waive the right to file a direct appeal and the right to collaterally attack his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory Guideline range, or the government appealed the sentence. Id. at 4-5.

    **B.**    **Change of Plea**

During the change of plea hearing, the Honorable Dudley H. Bowen, Jr., established

Petitioner's competence to enter a guilty plea if he so desired. Id., doc. no. 33, Rule 11 Tr., pp. 4-5. Petitioner also testified under oath that he had enough time to discuss and prepare his case with Mr. Hudson and that he was entirely satisfied with the assistance he had received from counsel. Id. at 5. Judge Bowen explained there were eight counts in the indictment and Petitioner was offering to plead guilty to the felon in possession charge in Count Four. Id.

Judge Bowen also specifically stated that it had yet to be determined whether Petitioner would be identified as an armed career criminal and, were he determined to fall into that category, his statutory maximum penalty of ten years in prison could rise to a statutory minimum of fifteen years. Id. at 8-9. Judge Bowen explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights. Among the list of rights explained, Judge Bowen reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. Id. at 9-10.

In addition, Judge Bowen reviewed the appeal and collateral attack waiver as follows:

> You agreed that you are going to waive and give up any right to appeal. And that is a waiver and a surrender of any right to challenge the fact of conviction. No Habeas Corpus petition. No appeal on sentence or anything of that sort. However, if for some reason I sentenced you above the statutory range or above the guideline range, you would get your right to appeal the sentence returned to you. However, you would forever lose your right to challenge the fact of conviction.

Id. at 11. Petitioner affirmed that he understood Judge Bowen's explanation. Id. Petitioner also affirmed that, other than the promises the government made in the plea agreement, no

3

one had made him any promises in order to get him to plead guilty, and he affirmed that no one had given him any guarantee, prediction, or prophecy as to the sentence that would be imposed.  Id. at 13.

Next, Judge Bowen heard a factual basis for the guilty plea from Special Agent Ronald Rhodes with the Bureau of Alcohol, Tobacco, and Firearms and Explosives.  Id. at 13-16.  Petitioner affirmed that the testimony of SA Rhodes was factual and true.  Id. at 16.  Petitioner also told Judge Bowen he was guilty of, and wanted to plead to, Count Four of the indictment.  Id. at 17.

### C. Presentence Investigation Report

The United States Probation Office then prepared a Presentence Investigation Report ("PSI").  Petitioner's base offense level for his 18 U.S.C. § 922(g) offense was twenty-four, pursuant to U.S.S.G. § 2K2.1.  PSI ¶ 28.  Petitioner's adjusted offense level rose to thirty-seven based on specific offense characteristics.  PSI ¶ 36.  Furthermore, because Petitioner had "at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions," the PSI designated Petitioner as an armed career criminal subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).  PSI ¶ 37.

The PSI detailed four burglary convictions and one conviction for attempted burglary, as follows: (1) a 1986 conviction for burglary of Lamar's T.V. and Appliance; (2) a 1987 conviction for burglary of Becky Taylor's residence at 712 Gary Drive, Augusta, Georgia; (3) a 1987 conviction for burglary of Allen Faircloth's residence at 1507 Riddle Lane, Augusta, Georgia; (4) a 1989 conviction for burglary of Terrell White's residence at 1425 Waters Edge Drive, Augusta, Georgia; and (5) a 2000 conviction for attempted burglary of

4

Pyramid Express, a business located at 1268 Anderson Avenue, Augusta, Georgia.  PSI ¶¶ 53-57.

Because the offense level for an armed career criminal under § 4B1.4 was thirty-four, and thus lower than Petitioner's adjusted offense level of thirty-seven, Petitioner's offense level was set at thirty-seven pursuant to U.S.S.G. § 4B1.4.  PSI ¶ 37.  This offense level was reduced three points for acceptance of responsibility, lowering Petitioner's Total Offense Level to thirty-four.  PSI ¶ 40.  Petitioner's Criminal History Category was set at VI, and his Guideline imprisonment range was between 262 and 327 months.  PSI ¶¶ 66, 87.

Petitioner objected to his ACCA designation, arguing both of his 1987 burglary convictions did not qualify as ACCA predicate offenses because: (1) he lacked the requisite intent to commit a crime, and (2) his actual conduct amounted to breaking and entering, not burglary.  PSI Add. pp. 6-8.  In response, the probation office maintained all four burglary convictions were for "enumerated burglary . . . which cause [Petitioner] to be designated as an armed career criminal."  Id. at 9.  As for Petitioner's 2000 conviction for attempted burglary of Pyramid Express, the probation office found this conviction to be an ACCA predicate offense under the residual clause.  Id. at 10.

### D.  Sentencing

On August 14, 2012, Petitioner proceeded to sentencing before Judge Bowen.  CR 112-041, doc. no. 34.  Petitioner argued against the ACCA enhancement, contending his convictions for burglary of Becky Taylor's residence, burglary of Allen Faircloth's residence, and attempted burglary of Pyramid Express were not ACCA predicate offenses, because he did not have the requisite intent to commit a crime.  Id. at 34-40.  Judge Bowen proceeded to analyze each conviction.

As for the burglary of Becky Taylor's residence, Judge Bowen noted at the time of Petitioner's guilty plea, the state court judge informed Petitioner he was charged with and plead guilty to burglary, "entering [the residence] without authority, and with intent to commit a theft . . . ." Id. at 41. Judge Bowen stated:

> I draw this conclusion, that it's not the amount of money or amount of damage that actually occurred that is important. The question is whether or not a burglary is properly defined as a burglary or a crime of violence in the definition of the offense itself. And that is, clearly, the breaking and entering of a dwelling house with intent to commit a felony therein . . . it was a burglary fitting the common law and the State of Georgia definition . . . [and is] properly includable in our calculation.

Id. at 42-43. Judge Bowen proceeded to review Petitioner's conviction for burglary of Allen Faircloth's residence, and noted Petitioner had again pled guilty. Id. at 43. Judge Bowen remarked that "the prospect of violence when you enter someone's home is what made this crime a burglary so serious in common law and in the law of Georgia . . . [it] is a burglary which qualifies for our purposes here." Id.

Judge Bowen reviewed Petitioner's conviction for burglary of Terrell White's residence, noting the indictment charged Petitioner with entering the residence with intent to commit a theft, to which Petitioner also pled guilty. Id. at 44; PSI ¶ 56. Judge Bowen determined this residential burglary also qualified under the ACCA. CR 112-041, doc. no. 34, p. 44. As for Petitioner's attempted burglary of Pyramid Express, Judge Bowen ruled that it too qualified as an ACCA predicate offense because "any physical act that breaks the plane of the exterior of the building is considered . . . burglary." Id.

Judge Bowen overruled all of Petitioner's objections to his ACCA enhancement, recognized Petitioner's statutory penalty for an armed career criminal was fifteen years to

life, and sentenced Petitioner to 210 months incarceration, five years supervised release, a $2,000 fine, and a $100 special assessment. Id. at 47-61. Judgment was entered on August 20, 2012. Id., doc. no. 29.

### E.      First § 2255 Motion

Consistent with the appellate waiver provision in Petitioner's plea agreement, Petitioner did not file a direct appeal. Id., doc. no. 22, pp. 4-5. However, on August 20, 2013, Petitioner filed his first § 2255 motion raising one ground for relief, alleging he was improperly designated an armed career criminal under 18 U.S.C. § 924(e). Id. doc. no. 31. Relying on Descamps v. United States, 570 U.S. -, 133 S. Ct. 2276, 2281 (2013), and Alleyne v. United States, 540 U.S.-, 133 S. Ct. 2151 (2013), Petitioner argued his "non-generic," prior burglary convictions did not qualify as predicate offenses under § 924(e), and the facts of his prior convictions used to enhance his sentence should have been submitted to a jury to properly impose the § 924(e) enhancement. Id. at 8, 11-14. Respondent argued Petitioner's motion was subject to denial because his claims were barred by the collateral attack waiver and were meritless. Id., doc. no. 37.

Judge Bowen denied Petitioner's motion without an evidentiary hearing on June 24, 2014, finding the valid collateral attack waiver in the plea agreement barred Petitioner's claims, but even if the claims were not barred, none of them had merit. Id., doc. nos. 42, 44. The Court applied the modified categorical approach to Petitioner's burglary convictions and determined Petitioner's prior burglary convictions qualified as generic burglary offenses under the enumerated offenses clause. Id., doc. no. 42, pp. 18-20. In upholding Petitioner's ACCA sentence, the Court determined Petitioner "was convicted of at least three burglaries for entering a building, with the intent to commit a crime therein, and not for entering one of

7

the alternative types of vehicles or boats listed in the Georgia burglary statute . . . ." Id. at 19. The Court specifically noted Judge Bowen reviewed the Shepard[1] documents at sentencing and made the legal determination Petitioner's burglary convictions qualified as generic burglary offenses. Id.

### F. Second § 2255 Motion

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551, 2563 (2015). In Johnson, the Supreme Court found the "residual clause" of the ACCA to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. Under the ACCA, a violent felony is any felony that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Subsection (i) is sometimes identified as the elements clause, while subsection (ii) is subdivided into (a) the enumerated offenses clause, and (b) the residual clause. See In re Thomas, 823 F.3d 1345, 1347 (11th Cir. 2016). The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 578 U.S.-, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive to cases on collateral review.

On March 21, 2016, Petitioner filed a 28 U.S.C. § 2241 petition in the District of South Carolina, arguing his ACCA sentence was invalid post-Johnson. Anderson v. United

---

[1] Shepard v. United States, 544 U.S. 13, 26 (2005).

States, CV 116-080, doc. no. 1 (S.D. Ga. Mar. 21, 2016). The District of South Carolina determined Petitioner was actually seeking relief pursuant to 28 U.S.C. § 2255, needed authorization to file a successive § 2255 motion with the Eleventh Circuit, and transferred the petition to this Court. Id., doc. no. 11, p. 7. This Court dismissed the petition as a second or successive § 2255 motion, finding the Court was not authorized to consider it. Id., doc. nos. 23, 29.

Petitioner sought and received permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion seeking to raise the claims that his ACCA sentence was improperly enhanced in light of Descamps and Johnson. In re Dwayne Anderson, No. 16-13245-J (11th Cir. June 29, 2016). The Eleventh Circuit rejected Petitioner's Descamps claim, finding Descamps did not announce a new rule of constitutional law for purposes of § 2255(h)(2). CR 112-041, doc. no. 47, p. 3. However, the Eleventh Circuit granted Petitioner's application with respect to his Johnson claim because Petitioner made a *prima facie* showing that his claim implicated Johnson. Id. at 5. The Eleventh Circuit specifically noted that it could not determine whether the District Court relied on the enumerated offenses clause or the residual clause in determining Petitioner's burglary convictions qualified as violent felonies under the ACCA. Id.

The Eleventh Circuit cautioned, however, it made a limited determination to allow the filing of a second motion, and because no merits had been conclusively resolved by simply allowing the motion to be filed, this Court did not owe deference to the *prima facie* finding. Id. at 6-7. The Eleventh Circuit iterated that this Court "must decide whether or not [Petitioner] was sentenced under the residual clause . . . whether the new rule in Johnson is implicated as to [Petitioner's] sentencing, and whether '[Petitioner] has established the §

9

2255(h) statutory requirements for filing a second or successive motion.'" Id. at 7.

On August 12, 2016, Petitioner filed his second § 2255 motion, arguing his ACCA sentence is invalid because his predicate burglary offenses were improperly characterized under the enumerated offenses clause and the residual clause in light of Descamps, Johnson, and Mathis v. United States, 579 U.S. -, 136 S. Ct. 2243 (2016). Id., doc. nos. 49-51. Petitioner also argues his sentence exceeds the statutory maximum under Alleyne, and that he was improperly designated a career offender under U.S.S.G. § 4B1.1. Id., doc. no. 50, pp. 9-11; Id., doc. no. 51, pp. 3-4.

Respondent contends Petitioner's motion should be denied because Petitioner has not met the requirements for a second or successive motion under § 2255(h), as he was not sentenced under the residual clause. Id., doc. no. 57, pp. 8-12. Respondent concedes Petitioner's conviction for attempted burglary of Pyramid Express no longer qualifies as an ACCA predicate offense after Johnson. Id. at 13. However, Respondent also argues that even if Petitioner meets the requirements under § 2255(h), Petitioner's claims fail on the merits because Petitioner still has at least three predicate offenses for burglary under the enumerated offenses clause. Id. at 12-21.

## II. DISCUSSION

### A. Petitioner Has Not Met the Requirements For a Successive Motion Under § 2255(h) Because He was Not Sentenced Under the Residual Clause.

Petitioner is entitled to one 28 U.S.C. § 2255 motion, and must receive permission from the Eleventh Circuit to file a "second or successive" motion. 28 U.S.C. § 2255(h). The Eleventh Circuit will authorize a second or successive § 2255 motion if Petitioner can make a *prima facie* showing that there is:

10

>   (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
>   (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id.  However, even if the Eleventh Circuit authorizes a second or successive motion, this Court is required to determine whether Petitioner has met the requirements of § 2255(h) *de novo*.  Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1357 (11th Cir. 2007); see also In re Moore, 830 F.3d 1268, 1271 (11th Cir. 2016) ("[T]he district court is to decide the § 2255(h) issues fresh, or in the legal vernacular, *de novo*.") (internal quotations omitted); In re Bradford, 830 F.3d 1273, 1276 (11th Cir. 2016) ("[I]n the context of applications to file successive § 2255 motions, we have adopted Jordan, 485 F.3d at 1358.").

Here, despite the Eleventh Circuit's threshold determination that Petitioner presented a *prima facie* case under Johnson, Petitioner has not met the requirements for a second or successive motion under § 2255(h)(2) because he was not sentenced under the residual clause.  As detailed in the PSI, Petitioner's four burglary convictions were for "enumerated burglary."  PSI Add., p. 9.  At sentencing, Judge Bowen reviewed the Shepard documents for the burglaries of Becky Taylor, Allen Faircloth, and Terrell White's residences.  CR 112-041, doc. no. 34, pp 33-45.  Judge Bowen found Petitioner's convictions qualified as generic burglary under the ACCA, as Petitioner admitted by pleading guilty that he unlawfully entered the residences without authority and with intent to commit a crime therein.  Id. at 41-44.

Although the PSI noted Petitioner's conviction for attempted burglary of Pyramid Express could also qualify as an ACCA predicate under the residual clause, Judge Bowen did

11

not rely on this determination in ruling the conviction also qualified as an ACCA predicate offense.  Id. at 44.  Judge Bowen instead found it was a qualifying ACCA predicate as generic burglary because "any physical act that breaks the plane of the exterior of the building is considered . . . a burglary."  Id.

Judge Bowen determined Petitioner's prior burglary offenses fell under the enumerated offenses clause and did not engage in any residual clause analysis.  Thus, Petitioner was not sentenced under the ACCA's residual clause, and Johnson plainly does not apply to his sentence.  Furthermore, Petitioner's Descamps or Alleyne claims do not provide jurisdiction under § 2255(h)(2).  Descamps was not a new rule of constitutional law.  In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016) (holding Descamps was not a "new rule of constitutional law for § 2255(h)(2) purposes, and thus [] cannot serve as a basis . . . for authorizing a second or successive § 2255 motion.").  Alleyne does not apply retroactively on collateral review.  Chester v. Warden, 552 F. App'x 887, 891 (11th Cir. 2014) ("Alleyne's rule does not apply retroactively on collateral review.")  Therefore, Petitioner has not met the requirements for filing a second or successive motion under § 2255(h)(2).  Hires, 825 F.3d at 1303-04 ("Because Hires's three prior ACCA predicate convictions qualified under the elements clause without regard to the ACCA's residual clause, Hires's application does not contain a *prima facie* claim that his sentence was based on the residual clause, or that his sentence falls within the scope of the substantive ruling in Johnson or that he will benefit from Johnson.").

Even if Petitioner' sentence somehow implicated the residual clause, and he therefore meets the requirements needed to bring a second or successive motion under § 2255(h), his ACCA enhancement remains proper because he had four ACCA predicate offenses for

burglary under the enumerated offenses clause as explained below.

> **B.    Petitioner Is Not Entitled to Resentencing Because He has Four ACCA Predicate Offenses for Burglary Under the Enumerated Offenses Clause.**

Although Johnson invalidated the residual clause of 18 U.S.C. § 924(e), it did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony," all of which may still be used to impose ACCA enhancements.  135 S. Ct. at 2563.  Thus, an ACCA enhancement may still be validly applied based on an offense falling under the enumerated offenses clause of the ACCA, not the residual clause.  See 18 U.S.C. § 924(e)(2)(B)(ii) (defining violent felony as "burglary, arson, or extortion" or an offense involving "use of explosives").

The government concedes Petitioner's conviction for attempted burglary no longer qualifies as an ACCA predicate after Johnson.  Id., doc. no. 57, p. 13.  However, Petitioner has four burglary convictions that fall under the enumerated offenses clause, and he therefore qualifies as an armed career criminal even after Johnson.  PSI ¶¶ 53-56; PSI Add., pp. 6-10. This follows from the fact that Georgia has a divisible burglary statute, and Petitioner's four burglary convictions all involved a building or other structure, qualifying as "generic burglary" under the ACCA.  However to reach this conclusion, it is helpful to review the analysis required under Mathis and Descamps for using the modified categorical approach to determine whether a burglary qualifies as generic burglary.

To determine whether a defendant's prior conviction qualifies as a predicate ACCA offense under the enumerated offenses clause, courts compare the elements of the ACCA predicate offense to the elements of the prior conviction.  Descamps, 133 S. Ct. at 2281-82. A prior conviction qualifies as an ACCA predicate offense only if the elements of the prior

conviction are the same or narrower than the elements of the ACCA predicate offense. Id. Because the ACCA does not specify the elements for the predicate, enumerated offenses, courts apply the elements of these "generic" crimes as commonly understood. Id.; United States v. Gundy, 842 F.3d 1156, 1161 (11th Cir. 2016).

Comparison of the elements between the prior conviction and ACCA offense is simple when the charging statute for the prior conviction is indivisible, meaning that the statute sets out a single set of elements for the offense. Courts refer to this simple comparison as the "categorical approach." Descamps, 133 S. Ct. at 2281. In this type of case, the court need only "line[] up that crime's elements alongside those of the generic offense and see[] if they match." Mathis, 136 S. Ct. at 2248.

A complication arises, however, when the charging statute for the prior conviction sets out one or more elements in the alternative, such as a burglary statute that defines burglary as either the unlawful entry into a building or an automobile. See Descamps, 133 S. Ct. at 2281-82. A criminal statute that lists elements in the alternative, and thereby defines multiple crimes, is "divisible." Mathis, 136 S. Ct at 2249. "Faced with a 'divisible' statute, courts must identify which crime in the statute formed the basis of the defendant's conviction." Gundy, 842 F.3d at 1162. In such cases, courts may use the modified categorical approach and look beyond the charging statute to determine which of the alternative elements formed the basis of the prior conviction, by reference to a limited class of documents such as indictments, plea agreements, and jury instructions. Descamps, 133 S. Ct. at 2282. In addition to these so-called Shepard documents,[2] the Eleventh Circuit has also

---

[2] Shepard v. United States, 544 U.S. 13, 26 (2005).

14

allowed courts to use "undisputed facts contained in a PSI." United States v. Ramirez-Flores, 743 F.3d 816, 821 (11th Cir. 2014) (citation omitted). Courts "then compare the elements of that identified crime to the elements of the relevant generic offense." Gundy, 842 F.3d at 1162.

Generic burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). At the time of Petitioner's state burglary convictions, the Georgia Code defined felony burglary as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012).

In Gundy, the Eleventh Circuit examined this version of the Georgia burglary statue after the ruling in Mathis, applying the Supreme Court's instructions on how to interpret and apply the enumerated offenses clause of the ACCA when a statute has "disjunctive phrasing" that raises the issue as to whether the statute aligns precisely with the generic offense as intended by Congress. Gundy, 842 F.3d at 1162 (citing Mathis, 136 S. Ct. at 2249, 2253). As has been explained in this District:

> When faced with such a state statute, the court must decide whether the disjunctive language creates (1) multiple crimes that are "divisible" into those alternative *elements* that match the generic version of the ACCA enumerated crime and those that do not, or (2) a single crime that has an "indivisible" set of elements and simply lists various alternative factual *means* of committing that single offense. Gundy, 842 F.3d at 1162. An indivisible statute must exactly match the generic crime or else it cannot count as an ACCA predicate offense. Id. A divisible statute, on the other hand, may suffice as an ACCA

>predicate if it can be determined that the defendant was convicted of the generic crime rather than an alternative, non-generic crime. Id.

Clemons v. United States, CR 408-225 / CV 416-005, 2017 WL 473968, at *2 (S.D. Ga. Jan. 6, 2017), *adopted by*, 2017 WL 470900 (S.D. Ga. Feb. 3, 2017).

Applying Mathis, the Eleventh Circuit has determined "the plain text of the Georgia statute has three subsets of different locational elements, stated in the alternative and in the disjunctive . . . effectively creating several different crimes." Gundy, 842 F.3d at 1167. "That the Georgia prosecutor must select and identify the locational element of the place burgled – whether the place burgled was a dwelling, building, railroad car, vehicle, or watercraft - is the hallmark of a divisible statute." Id. Therefore, as described above, the Court may continue to use the modified categorical approach to determine whether Petitioner's prior burglary convictions match the generic definition of burglary Congress intended to count as a predicate offense in the enumerated offenses clause of the ACCA. See id. at 1168.

As explained *supra*, Judge Bowen applied the modified categorical approach to three of Petitioner's residential burglary convictions and determined the convictions qualified as ACCA predicate offenses under the enumerated offenses clause. CR 112-041, doc. no. 34, pp 33-45. In denying Petitioner's first § 2255 motion, this Court reviewed Petitioner's burglary convictions and accompanying Shepard documents, and confirmed Petitioner was convicted of at least three generic burglaries under the enumerated offenses clause. CR 112-041, doc. no. 42, pp. 18-20. Specifically, this Court determined Petitioner "was convicted of at least three burglaries for entering a building, with the intent to commit a crime therein, and not for entering one of the alternative types of vehicles or boats listed in the Georgia burglary statute . . . ." Id. at 19. Neither Mathis nor Gundy alters this Court's prior analysis.

16

As delineated in the PSI, aside from Petitioner's conviction for attempted burglary, Petitioner had one conviction for burglary of a business, Lamar's T.V. and Appliance, and three convictions for residential burglaries, the homes of Becky Taylor, Allen Faircloth, and Terrell White. PSI ¶¶ 53-56. These convictions "substantially conform to the generic definition of burglary," and continue to qualify as violent felonies and ACCA predicates under the enumerated offenses clause. See Gundy, 842 F.3d at 1168-69. In sum, Petitioner's enhanced sentence under § 924(e) was properly imposed and he is not entitled to the resentencing he seeks. Under these circumstances, Petitioner's motion should be denied.

Finally, although Petitioner raises the argument he was improperly designated as a career offender under U.S.S.G. § 4B1.1, this assertion is plainly meritless as Petitioner was not sentenced under § 4B1.1, but was sentenced as an armed career criminal under § 4B1.4. PSI ¶ 37.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 21st day of March, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA