FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2017 MAY 30 P 3: 01
CLERK C Adec
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DWAYNE HENRI ANDERSON, )
)
Petitioner, )
)
v. ) CV 116-136
) (Formerly CR 112-041)
UNITED STATES OF AMERICA, )
)
Respondent. )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 20.) The Magistrate Judge recommended denial of Petitioner's § 2255 motion without an evidentiary hearing, finding Petitioner's claims foreclosed by the Eleventh Circuit's decision in United States v. Gundy, 842 F.3d 1156, 1161 (11th Cir. 2016). (See generally doc. no. 16.) All but one of Petitioner's objections merely restate the arguments the Magistrate Judge already addressed at length in the R&R, and only Petitioner's argument he is entitled to a stay requires further discussion.

Petitioner requests the Court stay its ruling pending the Supreme Court's disposition of petitions for writ of certiorari filed in Gundy, and Heard v. United States.[1] (Doc. no. 20, p. 8.) Even if the Supreme Court grants certiorari in these cases, "[g]rants of certiorari do not

---

[1] The Court has been unable to locate Heard v. United States to which Petitioner has not provided a proper citation. Regardless, Petitioner is not entitled to a stay as explained *infra*.

themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." In re Bradford, 830 F.3d 1273, 1275 (11th Cir. 2016) (citing Schwab v. Sec'y, Dep't of Corr., 507 F.3d 1297, 1298-99 (11th Cir. 2007)). Regardless of whether the Supreme Court grants certiorari, Gundy is currently the controlling case law in the Eleventh Circuit, and under that precedent, Petitioner is not entitled to a stay.

Accordingly, the Court **DENIES** Petitioner's request for a stay, **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255 without an evidentiary hearing.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[2]"If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2

Upon the foregoing, a final judgment shall be **ENTERED** in favor of Respondent, and this civil action shall be **CLOSED**.

SO ORDERED this 30th day of May, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE